UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONSTANCE R. RAFFERTY,<br><br>        Plaintiff,<br><br>        v.<br><br>KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation; and JOINT TECHNICAL SERVICES, LLC, a New Mexico limited liability company,<br><br>        Defendants. | Case No. 4:16-cv-00210-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

Before the Court is Defendant Joint Technical Services, LLC's ("JTS") Motion to Set Aside Clerk's Entry of Default. Dkt. 12. For the reasons explained below, the Court will grant the motion.

### BACKGROUND

Plaintiff Constance Rafferty sued defendants on May 20, 2016. *See Compl.*, Dkt. 1. She filed an amended complaint on August 15, 2016, and served defendant JTS with a

copy of the amended complaint the next day, August 16, 2016. *See Am. Compl.*, Dkt. 4; *Affidavit of Service,* Dkt. 5-1. JTS did not timely respond, and on September 27, 2016, the Court Clerk entered the company's default. *See* Dkt. 10. Shortly after the Clerk entered JTS's default, JTS filed the pending motion to set aside the default. *See Oct. 6, 2016 Mot.*, Dkt. 12. Plaintiff opposes the motion, contending that JTS has not adequately explained its failure to timely respond. *See Opp.*, Dkt.23.

The details surrounding the service of the complaint on JTS, and JTS's appearance before this Court, are as follows: JTS is a New Mexico limited liability company. It has designated Corporation Service Company (CSC) as its registered agent for service of process in Idaho. On August 16, 2016, plaintiff's process server hand delivered a copy of the complaint and summons to Megan Dickson of CSC at an address in Boise, Idaho. *See Aff. of Service,* Dkt. 5-1.

JTS does not dispute the August 16, 2016 service, but Virginia Buckmelter, a managing member of JTS, says she did not become aware of this lawsuit until September 23, 2016. *See Buckmelter Dec.,* Dkt. 12-1, ¶¶ 3-4 ("The Notice of Process form indicated that Corporation Service Company was served on August 16, 2016, but I had no notice of the Rafferty case until September 23, 2016."). Buckmelter says she received a Federal Express package on September 23, 2016, but she does not provide further detail. JTS concludes that CSC must have slipped up in transmitting a copy of the complaint to JTS management. In any event, Buckmelter quickly retained an attorney for JTS and the company promptly filed a motion to set aside the entry of default. *See Moody Dec.*, Dkt,

12-2, ¶ 4.  JTS says it is ready to file a response and litigate this matter if given the chance.

Rafferty objects to relief from entry of default.  She says JTS failed to provide enough detail to qualify for such relief.  More specifically, Rafferty says JTS should answer (or provide more detailed answers) to these questions:

(1) What happened between August 16, 2016, the date plaintiff served the complaint on JTS's registered agent, and September 23, 2016, the date JTS's managing member Buckmelter says she was made aware of the case?

(2) Why was Buckmelter provided with physical copies via FedEx as opposed to electronic copies, given that CSC's website indicates it provides same-day electronic delivery?

(3) Who sent the FedEx package to Buckmelter?

(4) Why was that FedEx package routed through Tennessee?

For the reasons explained below, the Court believes JTS has provided sufficient information to qualify for relief from default, despite not providing the sort of detail plaintiff has requested.

## THE GOVERNING LEGAL STANDARD

"The court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See*

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). To determine whether good cause exists, the Court must analyze three factors:

(1) Whether JTS engaged in culpable conduct that led to the default;

(2) Whether JTS has a meritorious defense; and

(3) Whether Rafferty would be prejudiced if default is set aside.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The factors are disjunctive, so the Court may deny relief if any of the three factors are met. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Additionally, the party seeking to set aside the entry of default carries the burden of demonstrating that relief is warranted. *See Franchise,* 375 F.3d at 926. "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (citing *Falk*, 739 F.2d at 463).

## ANALYSIS

**1.      Motion to Set Aside Default Judgment**

The Court will analyze the three factors relevant to the good-cause standard, but first generally observes that this case does not present the sort of extreme circumstances justifying the drastic step of judgment by default. Plainly, JTS did not timely respond to the complaint. But the company nevertheless appeared before this Court less than two months after the amended complaint was filed and served. This type of a delay is not

desirable, but it is not uncommon; indeed, plaintiff waited nearly three months after commencing this case before serving an amended complaint upon defendants. *See* Dkts. 1, 4, 5.  Further, JTS was served via a registered agent for service of process and the amended complaint did not find its way to managing member Virginia Buckmelter of JTS for roughly a month after service.  These circumstances are not extreme, and JTS should be afforded the opportunity to litigate this matter on the merits.

### A. Culpable Conduct

As this Court has previously explained, there are two lines of cases within the Ninth Circuit regarding the correct standard for evaluating the "culpable conduct" factor for purposes of setting aside a default. *See Garner v. Wells Fargo Home Mortg., Inc.*, No. 1:10-cv-266-BLW, 2011 WL 2413841, at *2 (D. Idaho June 9, 2011).

One line of cases holds that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (*quoting Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). These cases indicate that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process" is not intentional and should not necessarily be considered culpable conduct. *Id.* at 697-98. Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

A second line of cases, however, suggests that if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability. *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). The Ninth Circuit later clarified that this standard for culpability is inappropriate where the defaulting party is not represented by counsel or is otherwise not legally sophisticated. *Mesle*, 615 F.3d 1093. The Ninth Circuit also suggested that the *Franchise Holding* standard is "not the ordinary standard for Rule 55(c) and 60(b) motions" and that such an approach may not be consistent with the Supreme Court's interpretation of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1993). *Mesle*, 615 F.3d 1092–93. Nonetheless, the Ninth Circuit did not reject *Franchise Holding*, but instead limited the application of its more stringent standard. Attempting to reconcile the two lines of cases, the Ninth Circuit stated that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.* (emphasis added).

Here, plaintiff says the more stringent, *Franchise Holdings* standards should apply because JTS is "sophisticated." *See Response Br.*, Dkt. 23, at 6.  But there is no evidence before the Court demonstrating that JTS was represented by counsel before Ms. Buckmelter received the complaint, or that JTS is otherwise legally sophisticated.  The Court thus concludes that the *TCI* standard governs.  Applying this standard, JTS's

conduct was not culpable. JTS has offered an explanation its failure to timely respond, namely, that there was a delay in getting the complaint from the registered agent for service of process to Ms. Buckmelter, a managing member of JTS. Ms. Buckmelter then promptly retained counsel who, in turn, promptly filed a motion to set aside the default. Granted, JTS has not provided the detailed information regarding the delay Rafferty has demanded. That is, JTS has not given details regarding what, precisely, was happening during the period between when plaintiff's process server delivered papers to CSC and the date Ms. Buckmelter says she receives the complaint. Still, though, the record suggests that Ms. Buckmelter was the first decisionmaker at JTS who learned of the complaint. As such, the record supports a finding that the failure to timely respond resulted from mere negligence or inadvertence, rather than an attempt to manipulate the process or take advantage of the plaintiff. *See Pioneer Investment*, 507 U.S. 380, 394–95*,* 1993) (noting that excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributed to negligence). The Court therefore concludes that this factor weighs in favor of setting aside the entry of default.

### B. Meritorious Defense

The next factor, whether JTS has a meritorious defense, also weighs in favor of setting aside the default.

A party seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d 1094 (*quoting TCI Group*, 244

F.3d at 700). Rather, the defendant satisfies the meritorious-defense requirement if it alleges sufficient facts that, if true, would constitute a defense. *Id.* Whether those allegations are true is not determined at this point; they are the subject of later litigation. *Id.*

JTS satisfies the meritorious-defenses requirement.  Rafferty has asserted various claims requiring proof that JTS or its employees contacted a potential employer and interfered with Rafferty's employment with that employer.  JTS Managing Member Buckmelter says she investigated these claims and, to her knowledge, "no one from JTS provided any adverse information about Rafferty to Keypoint and no one from JTS urged DOE-IDE to do so." *Buckmelter Dec.* ¶ 7.  If Buckmelter's statements are true, JTS has a defense to Rafferty's claims.  Accordingly, this factor supports setting aside the default.

### C. Prejudice to Plaintiff

Plaintiff concedes that JTS's relatively brief delay will not prejudice her.  *See Opp.*, Dkt. 23, at 9.  So the prejudice factor also supports setting aside the default.

Based on the above analysis, the Court will set aside the entry of default.  As noted earlier, the Ninth Circuit has emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances" and instructed district courts not to ignore its "oft stated commitment to deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091. Considering this instruction and the more liberal standard applied to Rule 55(c) motions, the Court finds that JTS's motion to set aside entry of default should be granted.  That said, however, JTS is advised that the Court expects it to strictly comply

with all further deadlines, orders, and rules applicable to this action.

**2.     Plaintiff's Request for an Attorneys' Fee Award**

Finally, the Court will grant plaintiff's alternative request for an award of attorneys' fees. *See Opp.*, Dkt. 23, at 10.  The Ninth Circuit has observed that "[b]y conditioning the setting aside of a default" on the payment of attorneys' fees, "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1998) (citation omitted).  Here, plaintiff concedes that she has not suffered any prejudice by virtue of the delay.  Nevertheless, it would seem obvious that some limited amount of time has been expended by plaintiff's counsel in addressing the issues raised here.  The Court concludes that it would be unjust to require that the plaintiff or her attorneys bear that cost.  Accordingly, plaintiff may, within 10 days of this Order, submit a claim for attorney fees, but limited only to the fees incurred in responding to the Motion to Set Aside Entry of Default.

## ORDER

1. Defendant JTS's Motion to Set Aside Entry of Default (Dkt. 12) is **GRANTED.**

2. Plaintiff Rafferty's request for attorneys' fees incurred in defending this motion is **GRANTED.**  Plaintiff shall, within 10 days from the date of this Order, submit its claim for attorney fees, with accompanying affidavits setting

forth the amount requested and verifying that the requested fees were incurred in responding to the Motion to Set Aside Entry of Default.

3. Defendant JTS shall file a response to the Amended Complaint within 10 days from the date of this Order.

DATED: December 19, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 10**